UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESUS A. WAYNE, JR.,<br><br>   Plaintiff,<br><br>v.<br><br>ONE CAUCASIAN MALE SUSPECT,<br><br>   Defendant. | Civil Action No. 1:25-cv-03252 (UNA) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, who resides in the District of Columbia, sues a single unnamed defendant, identified only as a "Coasian Male," who resides somewhere in Virginia. *See* Compl. at 1–2. Because Plaintiff has failed to provide a name and full address for the intended Defendant, he has contravened D.C. Local Civil Rule 5.1(c)(1), (g). The allegations fare no better. Plaintiff alleges only that Defendant trespassed at his property on September 17, 2025, while driving a black Cadillac Escalade, which he identifies by its purported license plate number. *See id.* at 4. He does not demand any relief, stating "no relief . . . no lawsuit." *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The

Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendant can reasonably be expected to identify Plaintiff's claims or entitlement to relief, if any. Neither has Plaintiff established this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

To that same end, the subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id.* § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. He does not invoke any authority that provides a federal cause of action, nor can the Court independently discern any basis for federal-question jurisdiction from the facts given in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly." (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam))).

He has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. "[T]he citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). An "allegation of residence alone is insufficient to establish the citizenship

necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (citation omitted). Here, Plaintiff has failed to sufficiently allege Defendant's residence, domicile, or citizenship. Additionally, Plaintiff has not sought damages, let alone shown that the amount in controversy plausibly exceeds $75,000.

Consequently, this case is dismissed without prejudice. A separate Order will issue contemporaneously.

Date:  December 29, 2025

/s/_____
ANA C. REYES
United States District Judge